The Law Offices of Kirk A. Cullimore, L.L.C.
Kirk A. Cullimore #3640
Derek J. Barclay #9127
644 East Union Square
Sandy, Utah 84070
litigation@cullimore.net
Telephone: (801) 571-6611
Facsimile: (801) 571-4888
*Attorneys for Defendants Artspace Affordable Housing, L.P., Artspace Rubber Company, L.C., Evergreene Management Group, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| KRISTY A. GONZALEZ, | ) | |
| SHAWN A. GONZALEZ, | ) | **DEFENDANTS' FIRST SET OF** |
| ANARCHY ARTS LLC, | ) | **DISCOVERY REQUESTS** |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ARTSPACE AFFORDABLE HOUSING, | ) | |
| L.P., | ) | |
| ARSTPACE RUBBER COMPANY, L.C., | ) | |
| EVERGREEN MANAGEMENT GROUP | ) | |
| LLC, | ) | |
| THE LAW OFFICES OF KIRK A. | ) | |
| CULLIMORE, LLC, | ) | |
| KIRK A. CULLIMORE, an individual | ) | Case: 2:09cv00465 |
| | ) | Honorable Brooke C. Wells |
| Defendants. | ) | |

Pursuant to the Federal Rules of Civil Procedure, Defendants request that Plaintiffs answer the following requests for admissions, interrogatories, and requests for production of documents under oath and serve them upon counsel for Plaintiff as required by Rules 26, 33, 34,

1

36, and 37of the Federal Rules of Civil Procedure. Pursuant to said rules, such responses shall be served within 30 days.

## INSTRUCTIONS AND DEFINITIONS

In responding to the requests for admissions, interrogatories, and requests for production of documents, the following instructions and definitions shall apply:

1. The term "you," "your," "yours," and Plaintiffs as used herein shall mean Kristy A. Gonzalez, Shawn A. Gonzalez, Anarchy Arts, LLC, their agents or attorneys.

2. The term "Kristy" as used herein shall mean Kristy A. Gonzalez, her agents or attorneys.

3. The term "Shawn" as used herein shall mean Shawn A. Gonzalez, his agents or attorneys.

4. The term "Anarchy" as used herein shall mean Anarchy Arts, LLC, its agents, employees, owners, or insiders.

5. The term "Artspace" as used herein shall mean Artspace Affordable Housing, L.P., its agents, employees, owners, or insiders.

6. The term "Rubber Company" as used herein shall mean Artspace Rubber Company, L.C., its agents, employees, owners, or insiders.

7. The term "Evergreen" as used herein shall mean Evergreen Management Group, LLC, its agents, employees, owners, or insiders.

2

8. The term "Cullimore" as used herein shall mean The Law Offices of Kirk A. Cullimore, LLC, its agents, employees, owners, or insiders.

9. The term "KAC" as used herein shall mean Kirk A. Cullimore, his agents or attorneys.

10. The term "Lease" or "Lease Agreement" shall mean the lease agreement entered between Anarchy and Artspace.

11. The term "Rental Unit" or "Premises" shall mean the premises subject to the Lease located at 353 W. 200 S., Suite #103, Salt Lake City, Utah.

12. When you are asked to identify a person, state the individual's name, current and last known address, telephone number(s), cellular telephone number(s), and E-mail addresses.

13. When asked to identify a document, state the date, author, signer, addressee, type of document, and present or last known location of the document. In addition, identify the current custodian of the document and the relationship between the custodian and yourself. If any document was at one time, but is no longer in your possession, custody, or control, describe every reason why the document is no longer in your possession and describe in detail the ultimate disposition of the document.

14. As used herein, the term "document" shall mean any tangible item upon which information is recorded or appears, including without limitation, writings,

       printed materials, tapes, disks, photographs, and the like, in your possession, control or custody, or of which you have knowledge, and includes all drafts of documents and all copies of documents by whatever means, if the copy bears any marking or other notations or differs in any other way from the original.

15. When you are asked to state the factual basis for a claim or allegation, provide the following information:

   a. A reasonably detailed summary of every fact, upon which you rely in establishing the claim or allegation;

   b. The identity of every individual having knowledge concerning such facts;

   c. The identity of every document tending to support the claim or allegation or in any way relevant to the claim or allegation.

## REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendants submit the following requests for admission to Plaintiffs. Plaintiffs must serve its responses upon the undersigned within thirty (30) days after service of these requests. PLEASE TAKE NOTICE THAT ALL MATTERS IN THESE REQUESTS SHALL BE DEEMED ADMITTED PURSUANT TO RULE 36 OF THE FEDERAL RULES OF CIVIL PROCEDURE UNLESS A RESPONSE IS SUBMITTED WITHIN 30 DAYS AFTER SERVICE OF THIS REQUEST.

**REQUEST FOR ADMISSION NO. 1:** Admit that Anarchy entered into a Lease Agreement with Artspace on or about December 3, 2006 to occupy the premises located at 353

4

W. 200 S., Suite #103, Salt Lake City, Utah.

**REQUEST FOR ADMISSION NO. 2:**  Admit that all of Anarchy's claims, causes of action, cross-claims, counterclaims, and related claims whether known or unknown, that have been asserted in this matter were sold to the highest bidder at the constable's sale on February 22, 2010.

**REQUEST FOR ADMISSION NO. 3:**  Admit that all of Kristy's claims, causes of action, cross-claims, counterclaims, and related claims whether known or unknown, that have been asserted in this matter were obtained by virtue of her interest as a member in Anarchy.

**REQUEST FOR ADMISSION NO. 4:**  Admit that all of Shawn's claims, causes of action, cross-claims, counterclaims, and related claims whether known or unknown, that have been asserted in this matter were obtained by virtue of his interest as a member in Anarchy.

**REQUEST FOR ADMISSION NO. 5:**  Admit that on July 29, 2008 the court issued and signed an Order of Restitution in the State Court Action, Civil No. 080411274, Third District Court, West Jordan Division.

**REQUEST FOR ADMISSION NO. 6:**  Admit that on or about August 2, 2008 Anarchy was removed from the Premises pursuant to the Order of Restitution issued and entered in the State Court Action, Civil No. 080411274, Third District Court, West Jordan Division.

**REQUEST FOR ADMISSION NO. 7:**  Admit that on August 1, 2008 Anarchy filed a Motion to Set Aside Order of Restitution in the State Court Action, Civil No. 080411274, Third District Court, West Jordan Division.

**REQUEST FOR ADMISSION NO. 8:**  Admit that on August 19, 2008 the court denied Anarchy's Motion to Set Aside Order of Restitution in the State Court Action, Civil No. 080411274, Third District Court, West Jordan Division.

**REQUEST FOR ADMISSION NO. 9:**  Admit that on January 15, 2009 Anarchy filed a Motion to Set Aside Judgment and Sanctions in the State Court Action, Civil No. 080411274, Third District Court, West Jordan Division.

**REQUEST FOR ADMISSION NO. 10:**  Admit that on July 31, 2009 the court denied Anarchy's Motion to Set Aside Judgment and Sanction filed in the State Court Action, Civil No. 080411274, Third District Court, West Jordan Division.

**REQUEST FOR ADMISSION NO. 11:**  Admit that Anarchy did not appeal the Order denying its Motion to Set Aside Judgment entered July 31, 2009.

**REQUEST FOR ADMISSION NO. 12:**  Admit that the time for Anarchy to appeal the Order denying its Motion to Set Aside Judgment entered July 31, 2009 has expired.

**REQUEST FOR ADMISSION NO. 13:**  Admit that the Lease gave Artspace a security interest in all of Anarchy's property placed in the Premises.

**REQUEST FOR ADMISSION NO. 14:**  Admit that after Anarchy was removed from the premises on or about August 2, 2008 pursuant to the Order of Restitution issued and entered in the State Court Action, Civil No. 080411274, Third District Court, West Jordan Division, Artspace held Anarchy's property in the Premises pursuant to its security interest in said property.

**REQUEST FOR ADMISSION NO. 15:**  Admit that Artspace perfected its security interest in all of Anarchy's property in the Premises when Artspace regained possession of the Premises pursuant to the Order of Restitution issued and entered in the State Court Action, Civil No. 080411274, Third District Court, West Jordan Division.

**REQUEST FOR ADMISSION NO. 16:**  Admit that on November 1, 2008 Artspace mailed a Notice of Abandonment to Anarchy at its last known address.

**REQUEST FOR ADMISSION NO. 17:**  Admit that on April 30, 2009 Artspace sold Anarchy's abandoned property at auction.

**REQUEST FOR ADMISSION NO. 18:**  Admit that on or about August 28, 2009 Anarchy filed an Objection to Writ of Execution in the State Court Action, Civil No. 080411274, Third District Court, West Jordan Division.

**REQUEST FOR ADMISSION NO. 19:**  Admit Anarchy's Objection to Writ of Execution challenged the commercially reasonableness of the auction held April 30, 2009.

**REQUEST FOR ADMISSION NO. 20:**  Admit that on January 19, 2010 the court denied Anarchy's Objection to Writ of Execution finding that April 30, 2009 auction was commercially reasonable.

**REQUEST FOR ADMISSION NO. 21:**  Admit that Anarchy is guilty of an unlawful detainer.

**INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants request Plaintiffs to answer the following interrogatories in writing and under oath, within thirty (30) days after service. These interrogatories are continuing in nature and require Plaintiffs to supplement its answers with any information which may become available after the date of Plaintiffs' response.

**INTERROGATORY NO. 1:** For every Request for Admission to which the response was anything other than an unqualified admission, state the factual basis for the qualified admission or denial. Include the name of the person who will testify to the facts, reference any documents supporting the facts, and state with specificity all the facts supporting the denial.

**INTERROGATORY NO. 2:** List and identify each and every witness intended to be called at trial. Provide for each witness, their address, telephone number, and the substance of the testimony anticipated and the qualifications if any that may make such witness an expert.

**INTERROGATORY NO. 3:** If there have been any documents which relate to Plaintiffs' claims, defenses, or allegations, identify such documents and provide the substance of the facts anticipated to be proved by each document as it relates to the claims in the complaint.

**INTERROGATORY NO. 4:** State with specificity how Defendants converted Plaintiffs' property.

**INTERROGATORY NO. 5:** State with specificity property belonging to Kristy that Defendants allegedly converted. As to each item, state when and where it was obtained, the original purchase price, the value of the item, the age of the item, why it was in the possession of

Anarchy, and from whom it was purchased or obtained.

**INTERROGATORY NO. 6:**  State with specificity property belonging to Shawn that Defendants allegedly converted. As to each item, state when and where it was obtained, the original purchase price, the value of the item, the age of the item, why it was in the possession of Anarchy, and from whom it was purchased or obtained.

**INTERROGATORY NO. 7:**  State with specificity property belonging to Anarchy that Defendants allegedly converted. As to each item, state when and where it was obtained, the original purchase price, the value of the item, the age of the item, and from whom it was purchased or obtained.

**INTERROGATORY NO. 8:**  State with specificity how Defendants have been unjustly enriched.

**INTERROGATORY NO. 9:**  State with specificity how Defendants committed civil conspiracy.

**INTERROGATORY NO. 10:**  State with specificity how Defendants deprived Plaintiffs of their property under color of state action without due process of law.

**INTERROGATORY NO. 11:**  Detail and describe as it relates to any and all damages sustained or requested: what caused the damages, the exact amount of actual damages, description of the damages, how each amount of damages was calculated, the basis for claim that Defendants are responsible for the damages, and describe any documents that support the claim for damages.

**INTERROGATORY NO. 12:** As to Plaintiffs' claim for punitive damages, state with specificity the acts or omissions of Defendants that are the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and disregard of, the rights of others and set forth the specific calculation of damages alleged. State the name of each person anticipated to testify relating to punitive damages and the substance of the testimony of each witness.

**INTERROGATORY NO. 13:** State with specificity the details of any alleged transaction which would have transferred the rights from Anarchy to any other person or entity.

**INTERROGATORY NO. 14:** State with specificity the civil rights alleged to have been violated, who violated such rights, how such rights were violated and the specific calculation of the damages as to each such violation.

**REQUESTS TO PRODUCE DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants request Plaintiffs to produce the documents specified below for inspection and copying.  These requests are continuing in nature and require you to supplement your answers with any information or documents which may become available after the date of your response.  Produce the following documents:

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:** Produce all documents identified in or relied upon in responding to the accompanying Requests for Admission or Interrogatories.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:** Produce a copy of all correspondence, whether written or electronic, between you and any other parties, witnesses, and/or entities relating to any claim stated in the complaint or affirmative defenses.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:** Produce a copy of any emails, notes, or other written or electronic communications produced by you to any third party that involves the subject matter of the claims in this lawsuit.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:** Produce any and all documents, notes, correspondence, or communications of any kind which relate to any of the claims of damages, calculation of damages, or which otherwise have been used to support the claims within the complaint, defenses, and affirmative defenses.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:** Produce the documents which allegedly establish the sale of the assets of Anarchy to Anarchy Arts Litigation, LLC or any other such entity. Include documents showing payments made.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:** Produce a copy of each document you intend to introduce at trial.

Dated: April 29, 2011.              The Law Offices of Kirk A. Cullimore, L.L.C.

                                    /s/ Derek J. Barclay
                                    _____
                                    Kirk A. Cullimore
                                    Derek J. Barclay
                                    **Attorneys for Defendants Artspace Affordable Housing, L.P., Artspace Rubber Company, L.C., Evergreene Management Group, LLC**

11

Dated: April 29, 2011.

        Marcy Law Firm, PLLC

            /s/ Derek J. Barclay for
        _____
        Lisa A. Marcy
        **Attorney for Law Offices of Kirk A. Cullimore, LLC, Kirk A. Cullimore**

**CERTIFICATE OF DELIVERY**

I hereby certify that on the 29<u>th</u> day of <u>April</u>, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

    Brian W. Steffensen
    STEFFENSEN LAW OFFICE
    448 E. 400 S., Ste. 100
    Salt Lake City, UT  84111
    brian@steffensenlaw.com

    /s/ Derek J. Barclay
    _____