**Brian W. Steffensen (3092)**

**Steffensen ❖ Law ❖ Office**

448 East 400 South, Suite 100
Salt Lake City, Utah 84111
Telephone (801) 485-3707
Facsimile (801) 485-7140
**Attorneys for Plaintiffs**

### IN THE UNITED STATES FEDERAL DISTRICT COURT
### STATE OF UTAH

| | |
|---|---|
| **KRISTY A GONZALEZ,**<br>**SHAWN A. GONZALES,**<br>**ANARCHY ARTS LLC,**<br><br>　　　**Plaintiffs,**<br>**vs.**<br><br>ARTSPACE AFFORDABLE<br>HOUSING, L.P.,<br><br>ARTSPACE RUBBER<br>COMPANY, L.C.,<br><br>EVERGREEN MANAGEMENT GROUP,<br>LLC,<br><br>THE LAW OFFICES OF KIRK A.<br>CULLIMORE, LLC,<br><br>　KIRK A. CULLIMORE, an individual,<br><br>　　Defendants. | Plaintiffs Kristy and Shawn Gonzalez'<br>Memorandum in Support of Motion for<br>Partial Summary Judgment<br><br><br><br>Civil No. 2:09-cv-465<br><br>Judge Brooke C. Wells |

Based upon the following undisputed facts and legal argument, Plaintiffs' Kristy
and Shawn Gonzalez (the Gonzalezes), are entitled to partial summary judgment  on their
claims against the Artspace and Evergreene defendants herein.

## PREAMBLE

**The Story of the Neighbor Punching Plaintiff's Counsel**.  As the Court may have seen in other papers filed by the Gonzalezes' counsel herein or elsewhere, the Gonzalezes' counsel likes to tell a story which he has found is helpful in illustrating the principles which apply to consumer law cases.  The story is partially true.  As seems always to be the case, the untrue portion is the most interesting – and illustrative.

One winter during a severe snow storm, counsel backed out of his drive way in his Suburban and did not see his neighbor's Honda parked immediately across from counsel's driveway and backed into it, causing damage to the Honda.

Clearly, counsel owed his neighbor money to fix the damage caused by the accident.

Now comes the untrue – but very interesting part.

Let's say that a week later, counsel's neighbor knocked on counsel's door and then shouted "You need to pay me for the damage you caused to my car.  Why haven't you paid me yet?  I need my money right now!"

And let's assume that the neighbor then angrily punched counsel and broke counsel's jaw.

Before this happened, it was a pretty simple situation – counsel owed his neighbor money.

After the neighbor punched counsel, everything changed.   The neighbor now

2

owed counsel some money – and perhaps more than counsel owed for the damage which he caused to the neighbor's car.

In this particular case, we need to add one more wrinkle.  Let's say that when the neighbor came over to counsel's house to complain he mistook counsel's brother (who we will assume just happened to be there), and mistaking counsel's brother for counsel, the neighbor punched counsel's brother and broke his jaw.

Under this circumstance, counsel's brother – a third party – would have a claim against the neighbor for the punch and the broken jaw.

This is what consumer law is all about.

**<u>Creditors and Debt Collectors Do Not Have the Right to Punch Consumers or Innocent Third Parties</u>** .  Creditors and debt collectors have the right to expect payment of legitimate debts.  Creditors and debt collectors also have the right to employ all legal and legitimate means to try to collect legitimate debts.

However, even if a debt is owed, creditors and debt collectors do not have the right to "punch" – figuratively speaking – the consumer or third parties during the debt collection process.  Creditors and debt collectors **<u>never have the right to "punch" the consumer</u>** – no matter what.

**What constitutes illegal or improper "punching**?"

Our Federal and State Legislatures have defined what constitutes illegal "punching" via their passage of the various consumer protection laws.  Our Court's have

3

over the years identified and articulated common law tort claims covering certain types of "punching."

Even if a debt is owed, a creditor or debt collector can not violate the consumer protection laws or the common law tort rules during the course of their debt collection efforts.

If they do violate any of the consumer protection laws or otherwise commit a common law tort, the creditor and its debt collector agents will have illegally "punched" the consumer or third party and will be liable to the consumer or third party for his or her damages sustained as a result of that "punching."

Section 1983 provides a consumer or third party with a federal cause of action if a creditor and its agents deprive a consumer or third party of his or her property without due process under cover of state action.

The common law of conversion provides a consumer or third party with a state cause of action if a creditor and its agents wrongfully seize and fail to return to the consumer or third party property of the latter.

The violation of Section 1983 and the commission of the tort of conversion constitute "punches" to a consumer or third party for which the latter can sue.

## The Gonzalezes' Complaint  Alleges that the Defendants Wrongfully Seized and Sold Property Belonging to Kristy and Shawn Gonzalez to Satisfy a Debt Owed by Anarchy Arts dba Cup of Joe.

Artspace sued Anarchy Arts dba Cup of Joe ("Cup of Joe"), a Utah LLC in the Third District Court in West Jordan to evict Cup of Joe from a commercial space where Cup of Joe operated a coffee shop. Most of the major pieces of equipment in the coffee shop belonged to the Gonzalezes – not Cup of Joe. However, when Artspace and its agent, Evergreene, evicted Cup of Joe, they seized all of the property in the coffee shop and refused the Gonzalezes' pleas that they be given back their own personal property.

Artspace and Evergreen then sold the Gonzalezes' property to satisfy a judgment against Cup of Joe.

The Gonzalezes allege that Artspace, its key employees and its management company, Evergreene, "punched" the Gonzalezes – innocent third parties – by converting the Gonzalezes' property in a way which violated their constitutional right to property.

This lawsuit in part, and this motion in particular, seeks redress from the Artspace and Evergreene defendants for having punched the Gonzalezes by seizing the Gonzalezes' own personal property and selling it to pay Cup of Joe's debt.

## STATEMENT OF UNDISPUTED FACTS

The following statement of facts is supported by the referenced documents, affidavits and/or the sworn verification hereof by Kristy Gonzalez – which verification together with this statement of undisputed facts constitutes the Gonzalezes' "affidavit" in support of this motion for partial summary judgment.

The Gonzalezes ask the Court to take judicial notice of the docket and papers filed

by the parties herein and in the Third District Court case, some of which are attached as part of the exhibits hereto.

1.   Kristy A Gonzalez and Shawn A Gonzales are individuals residing in Salt Lake County, State of Utah (the "Gonzalezes").

2.   Anarchy Arts LLC is a Utah limited liability company of which the Gonzalezes are members.

3.   The Defendant, Artspace Affordable Housing, L.P. (Artspace) conducts business in Salt Lake county, State of Utah and is a Utah Limited Partnership. (Artspace Answer)

4.   The Defendant, Artspace Rubber Company, L.C., (Artspace Rubber) conducts business in Salt Lake County, State of Utah and is a Limited Liability Company. (Artspace Answer)

5.   The Defendant, Evergreene Management Group, LLC, (Evergreene) conducts business in Salt Lake County, State of Utah and is a Utah Limited Liability Company. (Artspace/ Evergreene Answer)

6.   The Defendant, Kris Montoya, (Montoya) was the property manager of Artspace Affordable Housing, L.P.  at all relevant times, and was an employee of Evergreene Management Group, LLC. (Cullimore Answer)

7.   The Defendant, The Law Offices of Kirk A. Cullimore, (Collection Attorneys) is a Utah Limited Liability Corporation engaged in the practice of law with its

principal place of business in Salt Lake County, State of Utah. It's practice consists primarily in the collection of consumer debts. (Cullimore Answer)

8.      The Defendant, Kirk A. Cullimore, (Cullimore) resides and/or works in Salt Lake County, State of Utah. His practice, as an attorney, consists primarily of the collection of consumer debts. (Cullimore Answer)

9.      The Artspace and Evergreene defendants retained the Collection Attorneys and Cullimore to bring an action against Plaintiffs for eviction. (Cullimore Answer)

10.     The Attorneys filed a lawsuit in the Third District Court, West Jordan Division, against Anarchy Arts ("Cup of Joe") for unlawful detainer, Civil No. 080411274 (the "Eviction Lawsuit").

11.     Artspace obtained a writ of restitution in the Eviction Lawsuit and evicted Cup of Joe from the coffee shop premises.

12.     When the Writ was served, Artspace refused to allow the Gonzalezes to remove any of their property.

13.     The Gonzalezes demanded return of their property.

14.     Some time later, Artspace allowed the Gonzalezes to remove some limited items which were deemed not have much value by Artspace.

15.     Except for these limited items, Artspace refused to return to the Gonzalezes any of their property.

16.     A UUC1 was filed with the Utah Division of Corporations to document that

7

certain items of property were owned by the Gonzalezes and not Cup of Joe   (See Exhibit A)

17.   The items seized and not returned are described in the Declaration of Kristy Gonzalez attached hereto as Exhibit B and in her Supplemental Declaration attached as Exhibit C.

18.   The items of property set forth in Exhibit D were owned by the Gonzalezes and not Cup of Joe.

19.   Artspace kept the Gonzalezes' property and sold it at a "constable's sale" on or about April 30, 2009 to satisfy the debt allegedly owed by Cup of Joe to Artspace. (Affidavit of Tom Wood, Exhibit E)

20.   Artspace did not perform a UUC search prior to the sale of the Gonzalezes' property. (Suppl Declaration of Kristy Gonzalez, Exhibit D)

21.   The Gonzalezes were not given notice of the sale. (Ibid)

22.   Artspace mailed a copy of the notice of sale to the old address for the coffee shop from which Cup of Joe had been evicted. (Ibid.)

23.   As a result of the seizure and sale of their property, the Gonzalezes have lost personal property worth the amounts set forth in Gonzalez' declarations.

24.   The seizure and sale of the Gonzalezes' property was done under the guise of "state action" in the Eviction Lawsuit, depriving the Gonzalezes of their property and property rights, and damaging them, without due process of law.

25.    During the time that the Gonzalezes operated a coffee shop business with their coffee shop related property seized and sold by Artspace and Evergreen, they had average monthly gross revenue of $16,500.

26.    After their property was seized, the Gonzalezes were unable to use it to open and operate another coffee shop in another location.  They lost, therefore, the revenue stream which they could have earned from the utilization of that property.


## ARGUMENT

The Gonzalezes were just like "counsel's brother" in the story recited in the Preamble.  They did not owe the Cup of Joe debt to Artspace.  Even though they did not owe any money to Artspace, Artspace and Evergreeene  seized their property.  When the Gonzalezes demanded return of their property, Artspace and Evergreene  refused.  After Artspace got a judgment against Cup of Joe, Artspace and Evergreene sold the Gonzalezes' property to pay the debt owed by Cup of Joe.

Artspace and Evergreene have clearly wrongfully "punched" the Gonzalezes and caused them damage.

The specific legal theories pursuant to which the Gonzalezes are entitled to recover damages from Artspace and Evergreene are CONVERSION and SECTION 1983 DEPRIVATION OF PROPERY.

9

## I.   Artspace and Evergreene Converted the Gonzalezes' Property

"The standard for conversion is "willful interference with property, done without lawful justification" at a time that the other party was entitled to "immediate possession." Bennett v. Huish, 2007 UT App. 19,  31, 155 P.3d 917 (citation omitted).

Stated another way:

"A conversion of personal property is an unauthorized assumption and exercise of the right of ownership over goods ... of another ... to the exclusion of the owner's rights." (Henderson v. For-Shor Company, 757 P.2d 465, 468 (Utah App. 1988).

Artspace and Evergreene did not have any legal right to seize property of the Gonzalezes.  The Gonzalezes did not owe any money to Artspace.  Only Cup of Joe – a limited liability company – did.

The seizure, retention and then sale of the Gonzalezes' property constituted "wilfull interference with property" of the Gonzalezes.

Since the property belonged to the Gonzalezes and not Cup of Joe, the Gonzalezes were entitled to "immediate possession" of it.

All of the elements of conversion are met.

The traditional measure of damages for conversion is the value of the property at the time of conversion, plus interest. (Henderson v" For-Shor Company, 757 P.2d 465, 468 (Utah App. 1988».

However, courts have affirmed the additional award of the lost rental value of the converted property or lost rental income in cases such as this pending matter.

The plaintiff, in Henderson, was awarded damages in the amount of rental revenues lost by reason of the conversion of cement forms in addition to the value of those forms at the time of conversion. (757 P.2d at 468,469).

Defendant appealed the award of lost rental income in addition to the fair market value of the converted property.

The Henderson court noted that "[t]he primary objective in rendering an award of damages for conversion is to award the injured party full compensation for actual losses." (757 P.2d at 469).

In Henderson, the court quoted, with approval from 18 Am. Jur. 2d Conversion § 118 (1985) as follows:

> Where interest on the value of the property is awarded, the value of the use of the property from the date of the conversion may not be recovered in addition thereto, since damages for the use of the property are generally regarded as in lieu of interest. But in some cases, the value of the use of the property has been regarded as recoverable where such item of damages exceeds the amount of interest on the value of the property. (emphasis in the original) (757 P.2d at 470).

The Court affirmed the award of lost rental income in addition to the value of the converted property. Ibid.

In this case, the Gonzalezes were not able to open another coffee shop in a

different location after Cup of Joe's was evicted because of the wrongful seizure and then sale of all of their coffee shop related property.

The Gonzalezes are entitled, therefore, to an award of not just the value of the property at the time of seizure, but also the gross revenue which the Gonzalezes would have made from the use of said property after the date of conversion through the date of trial.

As set forth above, that averaged not less than $16,500 per month.  It has been thirty- seven months since Artspace and Evergreene evicted Cup of Joe and seized the Gonzalezes' property.  Damages for lost revenue/ income from the converted property is $610,500.00.

The Gonzalezes are entitled to judgment against Artspace and Evergreene for the value of the Gonzalezes property as of the date of conversion, plus $610,500 as of the date hereof in lost revenue/ income therefrom.

## II.   Artspace and Evergreene Deprived the Gonzalezes of Their Property Without Due Process

Section 1983 provides that:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights ... secured by the Constitution ... shall be liable to the party injured in an action at law ...."

Claiming a right to do so pursuant to their Eviction Lawsuit and purportedly under

12

the auspices of the Courts of the State of Utah, Artspace and Evergreene seized and sold property belonging to the Gonzalezes.  The Gonzalezes were never made a party of the Eviction Lawsuit.  They were not afforded any due process at all.

Artspace and Evergreene are both "persons under Utah law.

They purported to be acting under the auspices of the Utah Courts – hence "under color of [state law]."

Artspace and Evergreene subjected the Gonzalezes or caused them to be subjected to the deprivation of their property rights in the property seized by Artspace and Evergreene.

The Gonzalezes were deprived of their Constitutional right to property without any due process whatsoever.

The Gonzalezes are entitled to recover in this lawsuit for their injuries sustained by the deprivation of their property.

Their injuries are as set forth above in the Conversion analysis.

The Gonzalezes lost (1) the value of their property at the time it was seized and wrongfully retained and sold, plus (2) the income stream which they could have earned from the usage of that property in another coffee shop in another location.

## CONCLUSION

Artspace and Evergreene made no effort to determine who owned the property located in the Cup of Joe coffee shop when they evicted Cup of Joe.  They ignored the

13

Gonzalezes' protestations and requests for return of their property.  They failed to conduct a UCC1 search which would have shown them that the property was owned by the Gonzalezes.  Then they just sold the Gonzalezes' property to pay Cup of Joe's debt.

As a result of their wrongful actions, the Gonzalezes were seriously injured.

The Gonzalezes' lost all of their coffee shop business related property.  They lost not just the value of that property, but the ability to use it to operate another coffee shop in another location and obtain earnings therefrom.

The Gonzalezes can only be made whole if they are awarded a judgement for both of these aspects of their damages.

The Gonzalezes ask that this Court grant them partial summary judgment on these two claims for these compensatory damages against Artspace and Evergreene.

All other issues will be reserved for trial herein.


Dated this 23rd day of September,  2011.

**Steffensen ❖ Law ❖ Office**

/s/ Brian W. Steffensen

_____

Brian W. Steffensen

## Sworn Verification of Statements of Undisputed Facts

I, Kristy Gonzalez, declare the following to be true under penalty of perjury:

1.      I am one of the plaintiffs herein.  As such I have personal knowledge with respect to the facts relating to the property owned by me and my husband versus Cup of Joe, the eviction of Cup of Joe by Artspace/Evergreene/ Cullimore, the seizure of all of the contents of the coffee shop, my efforts to get our property back, the value of our property and the income that we derived therefrom over the years..

2.      I have read Tom Wood's deposition in the Eviction Lawsuit, and was present in the Courtroom when Tom Wood and all of the other Artspace witnesses testified about what they did with respect to the seizure, retention and then sale of all of our property.  I testified in that proceeding as well.

3.      Attached hereto are copies of two of my declarations and Mr. Wood's declaration.

4.      Attached hereto is also a copy of the UCC1 statement which I filed to evidence our ownership of the Coffee Shop equipment and assets.

5.      I have read the Statement of Undisputed Facts above and verify that the factual allegations therein are true and correct.  We averaged $16,500 in gross revenues per month, with an average net profit of not less than $2,000 per month.

DATED this 23rd day of September, 2011.

_/s/ Kristy Gonzalez_____

15

**<u>Certificate of Mailing</u>**

       I hereby certify that on the __23rd___ day of __September_____, 2011, that I caused  a true and correct copy of the foregoing instrument to be ____mailed, postage prepaid; and/or_____hand delivered by ____fax and/or by _____xx___ email via the Court's efile system, and/or by____courier; to:

LISA A. MARCY, ESQ.
MARCY LAW FIRM , PLLC
lisa@marcylaw.net
Attorneys for The Law Offices of Kirk A. Cullimore, LLC.

The Law Offices of Kirk A. Cullimore, L.L.C.
Kirk A. Cullimore
Derek J. Barclay
litigation@cullimore.net
Attorneys for Defendants Artspace Affordable Housing, L.P., Artspace Rubber Company, L. C., Evergreene Management Group, LLC

                    __S/___Brian W. Steffensen_____