_____

IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH
_____

| | |
|---|---|
| **KRISTY A. GONZALEZ, SHAWN A. GONZALES, ANARCHY ARTS, LLC,** : | |
| : | |
| Plaintiff, | Civil No. 2:09-cv-00465 |
| : | |
| vs. | **RULING & ORDER** |
| : | |
| **ARTSPACE AFFORDABLE HOUSING, LP, ARTSPACE RUBBER COMPANY, LC, EVERGREEN MANAGEMENT GROUP, LLC,** | **MAGISTRATE JUDGE BROOKE C. WELLS** |
| **Defendants.** | |

_____

This matter is before the court on defendant Artspace Affordable Housing LP, Artspace Rubber Company LC, and Evergreen Management Group LLC's ("defendants") Motion To Dismiss For Lack of Jurisdiction,[1] plaintiffs' Shawn Gonzalez, Kristy Gonzalez and Anarchy Arts ("plaintiffs") Motion For Partial Summary Judgment,[2] and plaintiffs' Motion To Strike and Request For Sanctions.[3]

---

[1] Document Number 41.

[2] Document Number 43.

[3] Document Number 51.

Oral arguments were heard on February 1, 2012.[4] At the conclusion, the court took all pending matters under advisement. On February 3, 2012, the court issued an "Order and Request For Supplemental Briefing" on specific questions raised by the parties during oral argument.[5] Supplemental briefing was to be filed no later than February 17, 2012, and not to exceed ten (10) pages.[6]

In response, defendants filed their timely supplemental brief.[7] Plaintiffs, however, filed a "Motion For Extension Of Time To File Post Hearing Supplemental Memorandum" seeking an additional business day within which to file their supplemental memorandum.[8] On February 20, 2012, plaintiffs filed their "Post Hearing Memorandum"[9] and two days later plaintiffs filed a "Supplemental Exhibit To The Gonzaleses' Post Hearing Memorandum".[10] Defendants object to plaintiffs' late filings and ask that the court strike the request for extension as well as the additional exhibits filed.[11]

---

[4] Document Number 68.

[5] Document Number 69; "Order & Request For Supplemental Briefing"

[6] Id. at pg. 5.

[7] Document Number 30; Defendants' "Joint Response To This Court's Order & Request For Supplemental Briefing".

[8] Document Number 71; Plaintiffs' "Motion For Enlargement Of Time To File Post Hearing Memorandum".

[9] Document Number 72; "The Gonzaleses' Post Hearing Memorandum".

[10] Document Number 73; "Supplemental Exhibit To The Gonzaleses' Post Hearing Memorandum".

[11] Document Number 74; "Memorandum In Opposition To Plaintiffs' Motion For Enlargement Of Time".

While the court is well aware of counsel's chronic late filings and concomitant requests for extensions in this case, in an effort to fully address the merits of the pending matters, the court denies defendants' objection to plaintiffs' request for an extension of time.  The court shall consider defendants' supplemental brief to the extent that it addresses those questions set forth by the court in its prior order.[12]

### Background

In December 2006, plaintiffs Kirsty and Shawn Gonzalez and Anarchy Arts purchased a coffee shop "to include good will, furniture and equipment."[13]  Thereafter, they entered into an agreement under which Anarchy Arts, LLC /d/b/a Cup of Joe leased commercial property for the coffee shop from defendant Artspace Affordable Housing.  The agreement granted Artspace a security interest "in all property of Tenant now or hereafter place in the Premises."[14]  Anarchy Arts defaulted, and on June 20, 2008, Artspace filed a state court unlawful detainer action against Anarchy Arts d/b/a/ Cup of Joe..[15]

Thereafter, Art Space filed a possession bond, and the state court issued an Order of Restitution.[16]  Based upon the Order of Restitution, ArtSpace allowed Anarchy

---

[12] Document Number 71.

[13] Document Number 42-6; "Findings Of Fact And Conclusions Of Law" pg. 2, ¶ 1.

[14] Id. at pg. 2-3. ¶2.

[15] Id. at pg. 4. ¶¶ 5-6.  Artspace Affordable Housing v. Anarchy Arts, LLC, (080411274).

[16] Id. Order of Restitution issued on July 29, 2008.

Arts to remove some of their property prior to locking them out of the building.[17]  The remaining property was placed in storage to be sold pursuant to a notice of abandonment.[18]

On August 11, 2008, Anarchy Arts filed an Amended Answer in the state court action bringing counterclaims against Artspace for breach of contract, breach of the implied covenant of good faith and fair dealing, and misrepresentation.[19] Additionally, plaintiffs listed two additional cross-defendants, Chris Montoya and Evergreen Management.[20]

On November 17, 2008, the state court granted Artspace's motion for summary judgment and signed a judgment and order against Anarchy Arts in the amount of $43,472.84.[21]  In December of 2008, judgment was entered on the unlawful detainer claim and a Writ of Execution was entered on February 20, 2009.[22]

On April 30, 2009, Artspace held a public auction at which items from the coffee shop were sold to the highest bidder.[23]  The auction resulted in proceeds in the amount of $3,920 which was then applied to the judgment against Anarchy Arts and reduced

---

[17]Document Number 42-6; "Findings Of Fact And Conclusions Of Law" Judge Terry L. Christiansen, case no. 080411274.

[18]Id.

[19]Document Number 70-1; "Amended Answer and Counterclaim".

[20]Id.

[21]Document Number 42-5; "Ruling And Order" Judge Terry L. Christiansen, case no. 080411274.

[22]Document Number 42-6; "Findings Of Fact And Conclusions Of Law".

[23]Id. at pg. 8, ¶ .25

the amount owed to $41,623.90.[24]

On May 21, 2009, the Gonzalez and Anarchy Arts filed their federal court action currently before this court. In their complaint, plaintiffs allege claims against defendants for conversion, unjust enrichment, civil conspiracy and violation of § 1983. Plaintiffs federal claims are based on, although not limited to, the following allegations:

- Pursuant to a wrongfully issued writ or restitution, Plaintiffs were forced out of their coffee shop and defendant seized all of their property–over $100,00 worth of equipment, furniture, fixtures and supplies.[25]

- Defendants have abused "the legal system and process by filing a lawsuit for unlawful detainer when there was no factual or legal basis therefor"[26]

- Defendants have wrongfully seized over $100,000 of personal property and used such seizure "as an unconscionable means of trying to coerce a settlement from the plaintiffs"[27]

On July 20, 2009, Anarchy Arts filed a motion to set aside the state court judgment. The motion to set aside was denied by Judge Terry Christiansen in his Ruling and Order dated July 30, 2009.[28]

On January 19, 2010, Judge Christiansen issued "Findings of Fact and Conclusions of Law" denying Anarchy Arts' claims that the writ of execution was wrongfully obtained and concluding that Artspace conducted a commercially reasonable

---

[24] Id, at pg. 10, ¶ 41.

[25] Document Number 1; "Complaint" pg. 4. ¶ 19.

[26] Document Number 1; "Complaint" pg. 5, ¶24(b).

[27] Document Number 1; "Complaint" pg. 5 ¶24 (d)(e).

[28] Document Number 42-5; "Ruling And Order".

sale of the collateral.[29]

## Motion To Dismiss[30]

On September 23, 2011, defendants filed their currently pending motion to dismiss asserting that this court lacks subject matter jurisdiction and therefore the case must be dismissed.[31]  Specifically, defendants contend that plaintiffs' claims were previously addressed by Judge Christiansen in the state court action, and are therefore barred under the doctrines of claim preclusion and issue preclusion.[32]

The doctrine of res judicata includes two branches: claim preclusion and collateral estoppel, also known as issue preclusion.[33]   Claim preclusion involves the same parties or their privies as well as the same cause of action and "'precludes the relitigation of all issue that could have been litigated as well as those that were, in fact, litigated in the prior action.'"[34]  Issue preclusion, on the other hand, "'arises from a different cause of action and prevents parties or their privies from relitigating facts and

---

[29] Document Number 42-6; "Findings Of Fact And Conclusions Of Law".

[30] Document Number 41; "Defendants Motion To Dismiss For Lack Of Jurisdiction".

[31] Document Number 1; "Complaint And Jury Demand".  Plaintiffs bring causes of action for: conversion, unjust enrichment, civil conspiracy and Section 1983 violation.

[32] Document Number 42; "Memorandum In Support Of Rule 12(B)(1) And (6) Motion To Dismiss For Lack Of Subject Matter Jurisdiction" pg. 3.

[33] Swainston v. Intermountain Health Care, 766 P.2d 1059, 1061 (Utah 1988).

[34] Schaer v. State, 657 P.2d 1337, 1340 (Utah 1983)(quoting, Searle Bros. V. Searle, 588 P.2d 689, 690 (Utah 1978)).

issues in the second suit that were fully litigated in the first suit.'"[35] The purpose of both doctrines, is to promote the conclusive resolution of disputes and to "preclude parties from contesting matters that they have had a full and fair opportunity to litigate."[36] Moreover, "[t]o preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."[37]

In their supplemental briefing, defendants appear to argue that both branches of res judicata could apply.[38] However, although the doctrines are closely related, different

---

[35]Id. Under the doctrine of issue preclusion four elements must be present for the doctrine to apply: "[f]irst, the issue challenged must be identical in the previous action and in the case at hand. Second, the issue must have been decided in a final judgment on the merits in the previous action. Third, the issue must have been competently, fully and fairly litigated in the previous action. Fourth the party against whom collateral estoppel is invoked in the current action must have been either a party or privy to a party in the previous action. Jones, Waldo, Holbrook & McDonough v. Dawson, 923 P.2d 1366, 1370 (Utah 1996).

[36]Montana v. United States 440 U.S. 147, 154 (1979).

[37]Id.

[38]In their initial briefing and at oral argument, defendants focus primarily on applying claim preclusion as a bar to plaintiffs' claims. However, in their supplemental briefing defendants include argument on application of issue preclusion. Specifically, defendants argue that the issue in both the state and federal cases are identical: whether defendants had the right to take the property and sell it. Moreover, "a party cannot by negligence or design withhold issues and litigate them in a separate actions. If the second action involves an issue as to which the judgment in a prior action is a conclusive adjudication, the estoppel, so far as that issue is concerned, extends to every matter which was or might have been urged to sustain or defeat the determination actually made." Marcris II, ¶ 40 (citing, 46 Am. Jur. *Judgments* § 545).

rules govern each branch and therefore "they are usually mutually exclusive".[39]

### 1. Claim Preclusion

Claim preclusion prevents a party from re-litigating a claim that was, or could have been, the subject of a prior litigation. Defendants contend that plaintiffs' claims currently before this court should have, or could have, been brought in the parties' state court action.

In order for claim preclusion to bar a subsequent cause of action, three requirements must be met: "(1)" a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits."[40] Furthermore, the 10th Circuit has adopted the transactional approach in determining what constitutes "identity" of the cause of action.[41] Specifically, a claim arising out of the same "transaction or series of connected transactions" as a previous suit, which resulted in a final judgment, is precluded.[42] What amounts to the same transaction or series of transactions is:

---

[39] Schaer at 1340. This court, however, agrees that several factors relevant to the issue preclusion analysis apply to plaintiffs' claims in this action.

[40] Yapp v. Excel Corp., 186 F. 3d 1222, 1226 (10th Cir. Colo); See Yapp, ftn. 4( while occasionally reference is made to a fourth requirement , generally, "Supreme Court precedent, Tenth Circuit precedent, and the majority of circuit courts note only three requirements in the initial determination of whether claim preclusion may apply").

[41] Petromanagement Corp. V. Acme-Thomas Joint Venture, 835 F.2d 1329, 1335-36 (10th Cir. 1988).

[42] Yapp, at 1227 (citing, *Restatement (Second) of Judgments* § 24 (1982).

to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.[43]

**A) Same Parties Or Privies**

At oral argument, plaintiffs' counsel conceded that the plaintiffs in this lawsuit (Kirsty and Shawn Gonzales and Anarchy Arts) are privies of the state court litigants (Anarchy Arts d/b/a/ Cup of Joe). Accordingly, this element of claim preclusion is met.

**B) Same Claims**

Defendants argue that the "same claims" prong of claim preclusion applies because plaintiffs' claims for conversion, unjust enrichment, civil conspiracy and violation of §1983 should have been, and in fact were, raised in the state court action just under different "names" or "titles".[44] Moreover, defendants contend that all of the claims brought in the federal case arise from the same facts and circumstances as the unlawful detainer action, and therefore should have been brought in state court.[45] This court agrees.

Applying the transactional approach, it is clear that both plaintiffs' state court counterclaims and their current federal causes of action are based upon a discrete and unitary factual occurrence. They both seek to redress the same perceived injury—

---

[43] *Restatement (Second) Judgments* § 24.

[44] Document Number 70; "Joint Response To This Court's Order & Request For Supplemental Briefing" pg. 2.

[45] Document Number 42; Defendants "Memorandum In Support Of Rule 12(B)(1) And (6) Motion To Dismiss For Lack Of Subject Matter Jurisdiction" pg. 4.

plaintiffs' alleged wrongful eviction and "taking" of their property. All of plaintiffs' claims in the state court and federal court actions rest on this same "transaction" or "operative nucleus" and involve the same facts and evidence. The doctrine of res judicata works to preclude parties from re-litigating issues that actually were or could have been raised and plaintiffs cannot now defeat the doctrine's application by simply alleging new legal theories based on the same "transaction".[46]

In the state court case, after the judgment was entered[47] and the writ of execution was executed, but before the final resolution of the case, plaintiffs filed their Amended Answer and Counterclaim bringing new causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and misrepresentation.[48] Given the nature and basis for those claims, to allow plaintiffs to proceed with their claims in federal court based upon the exact same "transaction" would undermine the fundamental policies of res judicata. All claims arose at the time of execution and abandonment of the property at issue. Moreover, the state court has issued detailed findings of fact and conclusions of law determining that defendants had a right to take the property at issue and sell it. The proper avenue for plaintiffs to challenge the state court ruling is to file an appeal, not to bring a separate action in federal court. To allow plaintiffs to proceed with the litigation of the same claims in a

---

[46] <u>Clark v. Haas Group, Inc.</u>, 953 F.2d 1235, 1238 (10th Cir. Colo 1992); *See also,* <u>Alexander v. Chicago Park District</u>, 773 F.2d 850, 854 (7th Cir. 1985)("a mere change in legal theory does not create a new cause of action").

[47] Document Number 42-1; "State Court Docket". July 2, 2008, Judgement entered against defendant in amount of $11868.26.

[48] Document Number 42-6.

different venue could result in inconsistent results based upon the same facts and circumstances.

At oral argument, plaintiffs raised the state court case of Macris II arguing that they were not required to add claims to the state court lawsuit after its commencement that they were not aware of at the time.[49] While the court agrees with the reasoning Macris II, it is not applicable here.[50] A mere change in the name or type of legal theory does not allow plaintiffs to re-litigate matters based upon the same facts, claims or transaction.[51]

**C) Judgment On The Merits**

Under the third prong of res judicata, finality requires "that the court dispose of all the parties and issues; the judgment is not final if claims are left pending."[52] Plaintiffs argue that because the state court lawsuit has not yet been resolved, there is no "final judgment on the merits" and therefore this prong of claim preclusion is not met.

As an initial matter, this court declines to adopt plaintiffs' argument that their

---

[49] Macris & Associates, Inc.v. Neways, Inc., 2000 UT 93, ¶25. ("a party is required to include claims in an action for res judicata purposes only if those claims arose before the filing of the complaint in the first action").

[50] Schaer v. State, 657 P.2d 1137, 1140. See also, Mitchell v. City of Moore, 218 F.3d 1190, 1202-03 (citing, Johnson v. Bd. of Cnty. Comm'rs of Johnson Cnty., 1999 U.S. Dist. LEXIS 20801, *3-4 (D. Kan. Dec. 9, 1999)("Because a plaintiff has no obligation to expand his or her suit in order to add a claim that her or she could not have asserted at the time the suit was commenced, res judicata does not bar a second lawsuit to the extent that suit is based on facts occurring after the first suit was filed.")).

[51] Alexander, at 854.

[52] Nickols v. Chesnoff, 2011 U.S. App LEXIS 15756 *770 (unpublished)(citing, Miller v. USAA Cas. Ins. Co., 2002 UT 6, 44 P.3d 663, 678 (Utah 2002)).

unresolved counterclaim filed on August 11, 2008, precludes this court from applying res judicata. At oral argument, plaintiffs admitted that in nearly four years they have done nothing to move forward on those claims. In addition, the issues raised in the counterclaim have been decided by Judge Christiansen through his findings of fact, rulings and orders. For plaintiffs to now use the state court counter claims as a shield from the application of claim preclusion is antithetical to the purpose of the doctrine and invites litigation based on artifice and not substance.

Instead, this court finds that plaintiffs had an full and fair opportunity to litigate the execution and sale of the property. Judge Christiansen allowed plaintiffs to have two post-judgment evidentiary hearings on those exact issues.[53] Principles of due process require that parties receive "notice, reasonably calculated, under all the circumstances, to apprise them of the pendency of the action" and an "opportunity to present their objections".[54] Here, plaintiffs were given both notice and an opportunity to object. Having lost, after a full and fair opportunity to litigate, plaintiffs claims before this court are now barred.

In conclusion, finding that plaintiffs' claims were either adjudicated in state court or should have been raised at that time, the court finds that res judicata applies and grants defendants' motion to dismiss plaintiffs' claims.

---

[53] *See,* Nickols, at *771 (finding post judgment hearing provided due process under Utah law).

[54] Nickols at *772 (citing, Career Serv. Review Bd. v. Utah Dep't of Corr., 942 P.2d 933, 939 (Utah 1997)).

### Summary Judgment[55] & Motion To Strike[56]

Having granted defendants' motion to dismiss, plaintiffs' motion for partial summary judgment and defendants' motion to strike affidavit and for sanctions are rendered moot.

### Order

For the reasons stated, it shall be the order of the Court:

1. Defendants' Motion To Dismiss is GRANTED.

2. Plaintiffs' Motion For Partial Summary Judgment is moot.

3. Defendants' Motion To Strike and Request For Sanctions is moot.

DATED this 28th day of March, 2012.

BY THE COURT:

*Brooke C. Wells*

Brooke C. Wells
United States Magistrate Judge

---

[55] Document Number 43; "Plaintiffs Motion For Partial Summary Judgment".

[56] Document Number 50; "Defendant's Motion To Strike Affidavit".