# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KRISTY A. GONZALEZ; SHAWN A. GONZALES; and ANARCHY ARTS, LLC,<br><br>          Plaintiffs,<br><br>v.<br><br>ARTSPACE AFFORDABLE HOUSING, L.P.; ARTSPACE RUBBER COMPANY, L.C.; and EVERGREEN MANAGEMENT GROUP, LLC,<br>          Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:09-cv-00465-EJF<br><br>Magistrate Judge Evelyn J. Furse |

This matter comes before the Court on remand from the Court of Appeals for the Tenth Circuit.[1]  (ECF No. 85 at 9.)  On May 21, 2009, Kristy A. Gonzalez, Shawn A. Gonzales, and Anarchy Arts, LLC filed this action against Artspace Affordable Housing, L.P. ("Artspace Affordable Housing"), Artspace Rubber Company, L.C., and Evergreen Management Group, LLC (collectively "Artspace").  (Compl. ¶¶ 5-7, ECF No. 1.)  On August 14, 2013, the Tenth Circuit's Order and Judgment, (ECF No. 85 at 4–9), overturned the March 28, 2012 Ruling and Order, (ECF No. 76), granting Artspace's Motion to Dismiss for Lack of Jurisdiction, (ECF No. 41).  The Tenth Circuit's decision rested on two grounds:  the lack of a final state court judgment and insufficient argument on the § 1983 claim.  (*See* ECF No. 85 at 8–9.)  The Court now GRANTS Artspace's Second 12(b)(1) and (6) Motion To Dismiss and in the Alternative, First Motion for Summary Judgment, (Mot. to Dismiss, ECF No. 99).

---

[1] The parties consent to the jurisdiction of a magistrate judge.  (ECF No. 13.)

After hearing additional argument on the § 1983 claim and reviewing the motions and memoranda provided, the Court GRANTS Artspace's Motion to Dismiss, (ECF No. 99), because issue preclusion bars Ms. Gonzalez's and Mr. Gonzales's causes of action.

The Utah state court case concluded in December 2013 determining, among other things, that Anarchy Arts, LLC owned the property seized and retained by Artspace Affordable Housing that forms the center of this litigation.  Ms. Gonzalez and Mr. Gonzales, Plaintiffs in this case, are in privity with Anarchy Arts, LLC, the defendant in the state court case.  Thus, Ms. Gonzalez and Mr. Gonzales cannot assert that they, and not Anarchy Arts, LLC, own the property.

Anarchy Arts, LLC, also a Plaintiff in this case, concedes res judicata bars its claims. (Pl.'s Opp'n to Defs.' Mot. to Dismiss 1, ECF No. 57.)  The Court therefore DISMISSES Anarchy Arts, LLC's claims and considers the remaining claims of Ms. Gonzalez and Mr. Gonzales only.

## I.  BACKGROUND

The Complaint lacks many of the details necessary to understand the dispute at bar.  Ms. Gonzalez and Mr. Gonzales do refer, however, to "Civil Number 080411274, West Jordan Division, Third District Court," a Utah trial court docket.  (Compl. ¶ 18, ECF No. 1.)  Federal courts may take judicial notice of state court documents on a motion to dismiss without converting the motion to a summary judgment motion.  *See Pace v. Swerdlow*, 519 F.3d 1067, 1072–73 ("[W]e have summarized the facts of the case by citation to the Complaint and documents attached to the Complaint, as well as state court documents of which the district court

took judicial notice.").  For these reasons, this Court takes judicial notice of the state court

proceedings referenced in the Complaint.[2]

In December 2006, Ms. Gonzalez and Mr. Gonzales purchased a coffee shop, Anarchy

Arts, LLC, "which included good will, furniture and equipment."  (Findings of Fact &

Conclusions of Law 2 ¶ 1, ECF No. 53-1.)  Thereafter, Anarchy Arts, LLC and Artspace

Affordable Housing entered into an agreement under which Anarchy Arts, LLC d/b/a Cup of Joe

leased commercial property for the coffee shop from Artspace Affordable Housing.  (*See id.* at 2–

3 ¶ 2.)  The agreement granted Artspace a security interest "'in all property of Tenant now or

hereafter placed in the Premises.'"  (*Id.*)  Anarchy Arts, LLC defaulted, and on June 20, 2008,

Artspace Affordable Housing filed a state court unlawful detainer action against Anarchy Arts,

LLC d/b/a/ Cup of Joe.  (*Id.* at 4 ¶¶ 5-6.)

Thereafter, Artspace Affordable Housing filed a possession bond, and on July 29, 2008

the state court issued an Order of Restitution.  (*Id*. at 4 ¶ 7.)  The Order of Restitution, issued

pursuant to Artspace Affordable Housing's ex parte motion, required Anarchy Arts, LLC to

vacate the coffee shop within seventy-two hours and identified the right to a hearing to contest

the order.  (Order of Restitution 1, ECF No. 42-4.)  Based upon the Order of Restitution,

Artspace Affordable Housing allowed Anarchy Arts, LLC to remove some of its property prior to

locking it out of the building in August 2008.  (Findings of Fact & Conclusions of Law 4 ¶ 8,

ECF No. 53-1.)  Anarchy Arts, LLC contested the Order of Restitution and lost.  (Mins. Mot. to

Set Aside Restitutio Aug. 19, 2008, attachment 1.)

On August 11, 2008, Anarchy Arts, LLC filed an Amended Answer and Counterclaim in

the state court action bringing counterclaims against Artspace Affordable Housing for breach of

---

[2] The Court will cite to state court documents attached in this case as exhibits by their federal
docket numbers.

3

contract, breach of the implied covenant of good faith and fair dealing, and misrepresentation all regarding the circumstances surrounding the lease termination.  (Am. Answer & Countercl. 3–5, ECF No. 70-1.)  Additionally, Anarchy Arts, LLC listed two cross-defendants, Chris Montoya and Evergreen Management Group.  (*Id.* at 1.)

On November 1, 2008, Artspace Affordable Housing mailed Anarchy Arts, LLC a Notice of Abandonment with respect to the property remaining on premises.  (Findings of Fact & Conclusions of Law ¶ 14, ECF No. 53-1.)  On November 17, 2008, the state court granted Artspace Affordable Housing's motion for summary judgment.  (Minute Entry Nov. 17, 2008, ECF No. 42-2.)  On December 10, 2008, the state court issued a Judgment and Order against Anarchy Arts, LLC for $43,472.84.  (ECF No. 42-3 at 1.)

On January 15, 2009, Anarchy Arts, LLC filed a motion to set aside the December 10, 2008 Judgment and Order.  (Ruling & Order 2, ECF No. 42-5.)  On July 30, 2009, the state court denied the motion, concluding "there is no basis to set aside the Judgment and Order."  (*Id*. at 3.) On February 20, 2009, the state court issued a writ of execution permitting Artspace Affordable Housing to sell the seized property to satisfy Anarchy Arts, LLC's debt.  (No. 989411274 Docket 14, Feb 20, 2009, attachment 2; Findings of Fact & Conclusions of Law 7 ¶ 19, ECF No. 53-1.)

Pursuant to the writ of execution, on April 30, 2009, Artspace Affordable Housing held a public auction, selling items from the coffee shop to the highest bidder.  (Findings of Fact & Conclusions of Law 8 ¶¶ 25, 27, 30, ECF No. 53-1.)  The auction raised $3,920, which Artspace Affordable Housing applied to the judgment against Anarchy Arts, LLC, reducing the amount owed to $41,623.90.  (*Id*. at 9–10 ¶¶ 32, 41.)

On May 21, 2009, Ms. Gonzalez, Mr. Gonzales, and Anarchy Arts, LLC filed this federal court action.  (Compl., ECF No. 1.)  Their Complaint alleges claims against Artspace for

conversion, unjust enrichment, civil conspiracy, and violation of 42 U.S.C. § 1983.  (Id. at 5–8.)

The claims arise from the following allegations:

> Pursuant to a wrongfully issued writ or [sic] restitution, Plaintiffs were forced out of their coffe[e] shop and defendants seized all of their property–over $100,000 worth of equipment, furniture, fixtures and supplies . . . .  [Artspace has] abuse[d] the legal system and process by filing a lawsuit for unlawful detainer when there was no factual or legal basis therefor . . . .  [Artspace] seize[d] and retain[ed] over $100,000 worth of personal property—most of which was owned by the Gonzalezes and not Anarchy Arts . . . .

(Compl. ¶¶ 19, 24(b), 24(d), ECF No. 1.)

Artspace Affordable Housing continued to pursue the state court action, and on August 4, 2009, the state court issued a second writ of execution permitting Artspace Affordable Housing to collect money to satisfy Anarchy Arts, LLC's debt beyond that earned from the sale of assets. (No. 080411274 Docket 15, Aug. 4, 2009, attachment 2; Findings of Fact & Conclusion of Law 10 ¶ 42, ECF No. 53-1.)  Anarchy Arts, LLC objected to the state court's August 4, 2009 Writ of Execution.  (Findings of Fact & Conclusions of Law 10 ¶ 42, ECF No. 53-1.)  On January 19, 2010, the state court issued "Findings of Fact and Conclusions of Law" denying Anarchy Arts, LLC's claims that Artspace Affordable Housing had wrongfully obtained the second writ of execution because Artspace Affordable Housing conducted a commercially reasonable sale of the collateral.  (Id. at 23, ECF No. 53-1.)

On December 2, 2013, the state court issued a "Ruling and Order" granting Artspace Affordable Housing's motion for summary judgment and dismissing Anarchy's counterclaims. (ECF No. 99-19.)  The order concludes by stating "THIS IS THE FINAL ORDER OF THE COURT.  NO ADDITIONAL FILINGS ARE NECESSARY."  (Id. at 3.)

Following the Tenth Circuit's Order and Judgment, the parties began a new round of briefing and argument with the following filings:  the Anarchy Plaintiffs' "Renewed Motion for Partial Summary Judgment—Amended," (ECF No. 100), and Artspace's "Second 12(B)(1) and

(6) Motion To Dismiss and in the Alternative, First Motion for Summary Judgment," (ECF No.

99).  Because the Court GRANTS Artspace's Motion to Dismiss, it does not reach the Renewed

Motion for Partial Summary Judgment.

## II.  STANDARD

To withstand a motion to dismiss brought under Rule 12(b)(6), "a complaint must have

enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'"

*Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Thus, a court must accept a complaint's well-pled

factual allegations as true.  *McDonald v. Kinder–Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir.

2002).  However, as noted in Part I, supra, the Court may and does take judicial notice of the

state court proceedings referenced in the Complaint.  To survive a motion to dismiss, a complaint

must set forth sufficient factual allegations to state a plausible claim for relief.  *Twombly*, 550

U.S. at 570.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of a cause of action's

elements will not do."  *Id*. at 545 (citation omitted).

## III.  PRECLUSION DOCTRINE

Artspace asserts res judicata bars Ms. Gonzalez's and Mr. Gonzales's claims because

Anarchy Arts, LLC previously brought claims in state court relating to the seizure of the disputed

property.  (ECF No. 99 at 14–15.)  "[R]es judicata" refers to both issue preclusion and claim

preclusion.  *Allen v. McCurry*, 449 U.S. 90, 107 n. 5 (1980).  The Supreme Court described these

doctrines in *Taylor v Sturgell*:

> Under the doctrine of claim preclusion, a final judgment forecloses successive
> litigation of the very same claim, whether or not relitigation of the claim raises the
> same issues as the earlier suit.  Issue preclusion, in contrast, bars successive
> litigation of an issue of fact or law actually litigated and resolved in a valid court

determination essential to the prior judgment, even if the issue recurs in the
context of a different claim.

553 U.S. 880, 892 (2008) (citations and quotation marks omitted).  The doctrines serve a party's

interest in avoiding repeat lawsuits and inconsistent judgments as well as the court's interest in

avoiding a waste of judicial resources.  *See Arizona v. California*, 530 U.S. 392, 412 (2000);

*Montana v. United States*, 440 U.S. 147, 153–54 (1979).

To determine whether the state court judgment precludes Ms. Gonzalez's and Mr.

Gonzales's claims, the Court looks to Utah's preclusion analysis.  Where a party asserts a state

court judgment as the basis for preclusion, the state law of the court that entered the judgment

applies.  *See* 28 U.S.C. § 1738 (full faith & credit statute); *Fox v. Maulding*, 112 F.3d 453, 456

(10th Cir. 1997) ("We must, therefore, ascertain what preclusive effect [the state] would give its

own decision before we may know what effect it should be given in the federal court.") (internal

citation omitted).  In this case, Utah law regarding res judicata applies given a Utah state court

entered the judgment at issue.  Thus, the Court must determine what preclusive effect Utah

would give its own court's decision.

## A.  Claim Preclusion

Artspace contends that claim preclusion bars Ms. Gonzalez's and Mr. Gonzales's claims.

(Mot. to Dismiss 14, ECF No. 99.)  Claim preclusion will bar a subsequent cause of action when

the proponent can demonstrate the following:

> First, both cases must involve the same parties or their privies.  Second, the claim
> that is alleged to be barred must have been presented in the first suit or must be
> one that could and should have been raised in the first action.  Third, the first suit
> must have resulted in a final judgment on the merits.

*Macris & Assocs. v. Neways, Inc.*, 2000 UT 93, ¶ 20, 16 P.3d 1214, 1219 (citations omitted).

The dispute between Ms. Gonzalez and Mr. Gonzales and Artspace satisfies *Macris'*

"same parties or their privies" element.  *Id.*  Artspace Affordable Housing and Evergreen

7

Management Group were parties to both the state and federal actions.[3]  (*Cf.* Am. Answer &

Countercl. 1, ECF No. 70-1; Compl. 1, ECF No. 1.)  During a February 1, 2012 motion hearing,

Ms. Gonzalez and Mr. Gonzales conceded they were in privity with Anarchy Arts, LLC, the

defendant in the state court action.  (Tr. of Hr'g on Defs.' Mot. to Dismiss, Pls.' Mot for Partial

Summ. J., and Defs.' Mot to Strike Affs. 15, 21, ECF No. 83.)  The state court record supports

that concession:  Ms. Gonzalez submitted an affidavit in support of Anarchy Arts, LLC's

counterclaim admitting *she* owned Cup of Joe, the d/b/a for Anarchy Arts, LLC, and then

detailing her involvement.  (ECF No. 72-1 at 7–11.)  Indeed, Ms. Gonzalez submitted multiple

declarations swearing she is a principal of Anarchy Arts, LLC, among other things, and testified

on behalf of Anarchy Arts, LLC in the state court matter.  (*See* Decl. of Kristy Gonzalez, ECF

No. 100-2; Supp. Decl. of Kristy Gonzalez, ECF No. 100-3; Def.'s 1st Post-Hr'g Mem. 17 ¶ 26,

ECF No. 72-2.)  The Utah Supreme Court "has defined the word 'privity' as 'a mutual or

successive relationship to the same right or property.  As applied to judgments or decrees of

courts, the word means one whose interest has been legally represented at the time.'" *Tanner v.

Bacon*, 136 P.2d 957, 960 (Utah 1943) (citation omitted).  Because Ms. Gonzalez and Mr.

Gonzales own Anarchy Arts, LLC, (Findings of Fact & Conclusion of Law 2 ¶ 1, ECF No. 53-1),

and Ms. Gonzalez participated as the legal representative of Anarchy Arts, LLC in the state court

litigation, Anarchy Arts, LLC legally represented their interest in the coffee shop's assets in the

state court action.

To meet claim preclusion's second element, the allegedly barred claim "must have been

presented in the first suit or must be one that could and should have been raised in the first

---

[3] The parties provide very little information about Artspace Rubber Company.  Based on the
information in the record, the Court understands Artspace Rubber Company to be in privity with
Artspace Affordable Housing and Evergreen Management Group.

action." *Macris,* 2000 UT 93, ¶ 20.  The state suit did not contain conversion, unjust enrichment, civil conspiracy, or § 1983 claims.  (*See* Am. Answer & Countercl. 3–5, ECF No. 70-1.) Therefore, this Court must decide whether Ms. Gonzalez and Mr. Gonzales could and should have raised these claims in the state court action.  To determine whether a claim "could and should have been raised," *Marcis,* 2000 UT 93, ¶ 20, the court evaluates whether the plaintiff "was aware of the facts upon which the later claims were based at the time the first suit was filed," *id.* ¶ 24.  Although the court in *Macris* looked to the timing of the earlier case's complaint, the filing of the counterclaim marks the point of analysis when the allegedly barred party was a defendant in the prior case.  *C.f. Nu-Med USA, Inc. v. 4Life Research, L.C.*, 2008 UT 50, ¶ 8, 190 P.3d 1264, 1266 (approving the trial court's use of the plaintiff's counterclaim in an earlier case as the potential basis for issue or claim preclusion.)  The *Macris* court evaluated whether, at the time of filing of the prior court pleading, the facts giving rise to the allegedly precluded claim had yet arisen.  2000 UT 93, ¶ 27.

Ms. Gonzalez's and Mr. Gonzales's conversion cause of action alleges Artspace "unlawfully obtained Plaintiffs' possessions with the intent to not return the property, but rather to hold the property as collateral to coerce plaintiff to satisfy a debt."  (Compl. ¶ 26, ECF No. 1.) The state court records reflect Artspace Affordable Housing locked Anarchy Arts, LLC out of the space in August 2008, without identifying a specific date.  (Findings of Fact & Conclusions of Law 4 ¶ 8, ECF No. 53-1.)  Anarchy Arts, LLC filed its counterclaims on August 11, 2008.  (Am. Answer & Countercl., ECF No. 72-1.)  Because the state court records do not clearly state the date in August Artspace Affordable Housing seized Anarchy Arts, LLC's property, the Court cannot determine whether this cause of action existed when Anarchy Arts, LLC filed its counterclaim.

Ms. Gonzalez's and Mr. Gonzales's second cause of action, unjust enrichment, alleges Artspace "locked Plaintiffs out of their coffee shop space and unlawfully obtained Plaintiffs' possessions." (Compl. 6 ¶ 32, ECF No. 1). The Complaint goes on to allege Artspace refused to return Ms. Gonzalez's and Mr. Gonzales's property despite Ms. Gonzalez's and Mr. Gonzales's demands. *Id.* at ¶ 33. The vagueness of the state court record regarding the timing of the lockout also prevents the Court from establishing whether this claim existed when Anarchy Arts, LLC filed its counterclaim. Without knowing when in August 2008 Artspace Affordable Housing locked out Anarchy Arts, LLC and obtained the property, the Court cannot determine when Anarchy Arts, LLC could have raised the unjust enrichment claim.

In their civil conspiracy cause of action, Ms. Gonzalez and Mr. Gonzales allege "[t]he defendants and each of them joined together for the common purpose and with the common intent to force the plaintiff(s) without just cause out of their Coffee shop space, and to obtain property and monies from the plaintiffs to which they were not entitled." *Id.* at ¶ 38. The Complaint goes on to allege seven specific "unlawful acts":

> (a) serving a trumped up and false notice of termination, (b) filing an unlawful detainer action without factual or legal merit, (c) making ex parte contacts with the state court judge, (d) seizing and refusing to return plaintiffs' property – which constitutes the tort of conversion, (e) continuing to convert and refusing to return all of the Plaintiffs' property in violation of the law, (f) defaming the plaintiff(s) via the publication through various Credit Reporting Agencies of false information about what the plaintiff(s) owe to the defendants, (g) violating Plaintiff's civil rights in violation of 15 USC 1983.

(Compl. ¶ 38, ECF No. 1.) Yet again, the ambiguity of the state court record prevents the Court from determining when these claims "could and should have been raised," *Macris*, 2000 UT 93, ¶ 20. The Court has no information establishing Anarchy Arts, LLC had awareness of all of its allegations of this civil conspiracy claim when Anarchy Arts, LLC filed its counterclaim. Id. ¶ 24.

The Complaint only cursorily alleges violations of 42 U.S.C. § 1983. Stating "[t]he Defendants have deprived Plaintiffs of their property under color of state action without due process of law in violation of their Federal and State Constitutional rights," Ms. Gonzalez and Mr. Gonzales demand recovery of "their actual damages and attorneys fees." (Compl. ¶¶ 42–43, ECF No. 1.) As in the other three causes of action, the state court records' failure to clarify whether Artspace's seizure occurred before or after Anarchy Arts, LLC filed its counterclaim prevents the Court from determining whether Ms. Gonzalez's and Mr. Gonzales's privy in the prior action had awareness of this claim prior to filing the counterclaim in that matter.

Because neither the Complaint nor the state court records clearly indicate whether the eviction and property seizure occurred before Anarchy Arts, LLC filed its amended counterclaim on August 11, 2008, the Court cannot determine on this Motion to Dismiss whether claim preclusion bars Ms. Gonzalez's and Mr. Gonzales's federal claims. If the eviction and property seizure took place *after* the filing of Anarchy Arts, LLC's amended counterclaim, none of the Complaint's four causes of action "could and should have been raised in the first action." *Macris*, 2000 UT 93, ¶ 20 (citations omitted). Therefore, Artspace's claim preclusion argument, (Def.'s Mot. to Dismiss 14–18, ECF No. 99), fails at this juncture. If Artspace can prove it seized the property and refused to return it to Anarchy Arts, LLC on or before August 11, 2008, and that Anarchy Arts, LLC knew it had done so, then claim preclusion would bar some, if not all, of Ms. Gonzalez's and Mr. Gonzales's claims.

**B. Issue Preclusion**

Artspace also raises issue preclusion as a defense to Ms. Gonzalez's and Mr. Gonzales's claims, (Defs.' Resp. to Plfs.' Mot. to Strike & Reply to Plfs.' Mem. in Opp'n to Defs.' Mot to Dismiss & in the Alternative, for Summ. J. 17–19, ECF No. 110), which better fits the procedural

history of this case. In *Jensen ex rel. Jensen v. Cunningham*, the Utah Supreme Court described

the four elements of issue preclusion:

> (i) the party against whom issue preclusion is asserted [was] a party to or in privity with a party to the prior adjudication; (ii) the issue decided in the prior adjudication [was] identical to the one presented in the instant action; (iii) the issue in the first action [was] completely, fully, and fairly litigated; and (iv) the first suit . . . resulted in a final judgment on the merits.

2011 UT 17, ¶ 41, 250 P.3d 465, 477 (internal citations and quotation marks omitted) (alterations

in original).

### 1. Same Parties or Privies

This case satisfies the same parties or privies prong of *Jensen*. *See* 2011 UT 17, ¶ 41. As

noted in Part A, *supra*, Ms. Gonzalez and Mr. Gonzales conceded they acted in privity with

Anarchy Arts, LLC, the defendant in the state court action. (Tr. of Hr'g on Defs.' Mot. to

Dismiss, Pls.' Mot for Partial Summ. J., and Defs.' Mot to Strike Affs. 15, 21, ECF No. 83.)

Issue preclusion limits Ms. Gonzalez and Mr. Gonzales in this case as if they acted as co-

movants in Anarchy Arts, LLC's state counterclaims. *See Macris*, 2000 UT 93, ¶ 45 ("issue

preclusion applies even if only the party against whom the doctrine is asserted was a party or in

privity with a party to the prior adjudication") (citations, quotation marks, emphasis, and

alterations omitted.)

### 2. Identical Issues

Ms. Gonzalez's and Mr. Gonzales's causes of action, (Compl. 5–8, ECF No. 1), fall

within *Jensen*'s identity of issues prong because some of the critical issues presented duplicate

those already decided in state court. *See* 2011 UT 17, ¶ 42. "[W]here two causes of action

embody the same dispositive issue, a prior determination of that issue in the context of one cause

of action can have a preclusive effect in later litigation regarding the other cause of action."

*Oman v. Davis Sch. Dist.*, 2008 UT 70, ¶ 31, 194 P.3d 956, 965–66; *c.f. Murdock v. Springville Mun. Corp.*, 1999 UT 39, ¶ 19, 982 P.2d 65, 70–71 (holding resolution of water rights question in earlier adjudication prevents its relitigation).

On January 19, 2010, the state court issued its "Findings of Fact and Conclusions of Law" denying Anarchy Arts, LLC's objection to the second writ of execution. (ECF No. 53-1 at 23.) The state court reached its conclusions after holding an evidentiary hearing and reviewing briefs filed by both parties. (*Id.* at 1.) Anarchy Arts, LLC d/b/a Cup of Joe was the only defendant in the state court suit. As part of its findings of fact, the state court found Anarchy Arts, LLC alone owned the property seized by Artspace Affordable Housing, stating "[t]he Defendant's abandoned items were the property that was not removed by Defendant after Plaintiff's possession…." (*Id.* at 6.) The state court necessarily relied on this finding to reach its other conclusions, including that the "Plaintiff took reasonable care of Defendant's property … ," (*id*. at 7), that Artspace Affordable Housing auctioned "Defendant's abandoned personal property and/or fixtures … ," (*id.* at 8), and that "Plaintiff took possession of Defendant's property … ," (*id*. at 10). The state court also found "Plaintiff locked out Defendant in August 2008," establishing Artspace Affordable Housing evicted Anarchy Arts LLC, *not* Ms. Gonzalez and Mr. Gonzales. (*Id.* at 4 ¶ 8.) While the court did find that Ms. Gonzalez and Mr. Gonzales purchased the Anarchy Arts, LLC coffee shop, (*id.* at 2 ¶ 1), Ms. Gonzalez and Mr. Gonzales benefitted from having the corporate veil of Anarchy Arts, LLC in that action, and the state court did not hold them personally liable for Anarchy Arts, LLC's debts. Ms. Gonzalez and Mr. Gonzales cannot now turn around and try to remove their corporate veil to attempt to retry issues already decided against their privy. Because the state court decided the two issues of property ownership

and eviction, if those determinations meet the other elements of issue preclusion, none of Ms. Gonzalez's or Mr. Gonzales's claims survives.

In their conversion cause of action, Ms. Gonzalez and Mr. Gonzales allege Artspace "unlawfully obtained Plaintiffs' possessions with the intent to not return the property, but rather to hold the property as collateral to coerce plaintiff to satisfy a debt."  (Compl. ¶ 26, ECF No. 1.) Because the state court determined Anarchy Arts, LLC owned the disputed property at the time of seizure, Ms. Gonzalez and Mr. Gonzales cannot now assert one or both of them rightfully owns the same property.

The state court's determination of the property's ownership would similarly resolve the unjust enrichment cause of action, (*id.* at ¶¶ 31–36).  Ms. Gonzalez and Mr. Gonzales base their claim on the assertion that Artspace's retention of the property deprived Ms. Gonzalez and Mr. Gonzales of their property.  (*Id.* at ¶ 32 ("The Defendants . . . unlawfully obtained Plaintiffs' possessions.").)  The state court's finding conclusively defeats this assertion because it determined Anarchy Arts, LLC owned the property seized.  If Anarchy Arts, LLC owned the property retained by Artspace Affordable Housing, Ms. Gonzalez and Mr. Gonzales cannot assert the property belonged to them:  a fact they would need to prove the prevail on their unjust enrichment claim.

The state court's findings would also bar Ms. Gonzalez's and Mr. Gonzales's civil conspiracy cause of action, (*id.* at ¶¶ 37–40).  The alleged conspiracy has two parts:  Artspace "force[d] [Ms. Gonzalez and Mr. Gonzales] without just cause out of their Coffee shop space" and "obtain[ed] property and monies from [Ms. Gonzalez and Mr. Gonzales] to which [Artspace] w[as] not entitled."  (*Id.* at ¶ 38.)  The state court's finding that Anarchy Arts, LLC owned the seized property makes any findings that the seized property belonged to Ms. Gonzalez and Mr.

Gonzales impossible.  Finding "Plaintiff locked out Defendant in August 2008" would prevent the assertion of the former claim by establishing Artspace evicted Anarchy Arts LLC, *not* Ms. Gonzalez and Mr. Gonzales from the premises.  (*See* Findings of Fact & Conclusions of Law 4 ¶ 8, ECF No. 53-1.)  Because the state court's findings establish that Anarchy Arts, LLC had the lease on the coffee shop space and owned the property in it, no conspiracy could exist to deprive Ms. Gonzalez and Mr. Gonzales of the lease and the property because neither the lease nor the property belonged to them.

The state court's finding that Anarchy Arts, LLC owned the property seized by Artspace Affordable Housing also resolves the Complaint's cursory allegations of a 42 U.S.C. § 1983 violation, (Compl. ¶¶ 41–43, ECF No. 1).  To prove a claim for a violation of procedural due process, the plaintiff must prove a right to the property at issue.  *See Couture v. Bd. of Educ.,* 535 F.3d 1243, 1256 (10th Cir. 2008) (citations omitted) (noting to make a procedural due process claim the plaintiff must have a constitutionally protected liberty or property interest).  Because Anarchy Arts, LLC owned the property seized, not Ms. Gonzalez and Mr. Gonzales, Ms. Gonzalez and Mr. Gonzales cannot claim Artspace violated Ms. Gonzalez's and Mr. Gonzales's due process rights in seizing the property if the issues meet the remaining elements of issue preclusion.

All four of Ms. Gonzalez's and Mr. Gonzales's causes of action embody the same dispositive issues resolved by state court, satisfying *Jensen*'s identity of issues prong.  *See* 2011 UT 17, ¶ 42.

### 3.  Completely, Fully, and Fairly Litigated

A party has "competently, fully, and fairly litigated"[4] an issue when the precluded party

had "ample opportunity to conduct unimpeded discovery and to fully develop its claim . . . ."

*Macris*, 2000 UT 93, ¶ 44 (citation omitted).  To satisfy the requirement of full and fair litigation,

litigants must "have their day in court," including notice and the opportunity to be heard.  *3D*

*Const. & Dev., L.L.C. v. Old Standard Life Ins. Co.*, 2005 UT App 307, ¶ 20, 117 P.3d 1082, 1087

(citations, quotation marks, and emphasis omitted) (collecting cases); *c.f. Murdock v. Springville*

*Mun. Corp.*, 1999 UT 39, ¶ 20, 982 P.2d 65, 71 (determining the preclusive effect of an earlier

adjudication) ("[W]e have no reason to doubt that there was both a full and fair litigation of the

issue before [the earlier judge].")

Ms. Gonzalez and Mr. Gonzales and their privy had ample opportunity to argue the issues

of property ownership and eviction.  Indeed, in the state court action, Anarchy Arts, LLC argued

"Ms. Gonzalez purchased the collateral in December of 2006 for $150,000."  (Def.'s First Post-

Hr'g Mem. 15 ¶ 1, ECF No. 72-2.)  The state court found the property belonged to Anarchy Arts,

LLC.  (Findings of Fact & Conclusions of Law 4–6 ¶¶ 8–15, ECF No. 53-1.)  Ms. Gonzalez's

and Mr. Gonzales's privy also litigated the issue of eviction extensively.  (*See, e.g.*, Def.'s First

Post-Hr'g Mem. 15 ¶ 2, ECF No. 72-2; Findings of Fact & Conclusions of Law 4 ¶ 5, 8, ECF

No. 53-1.)

Ms. Gonzalez and Mr. Gonzales have provided no information that leads this Court to

believe their privy received anything short of full and fair process in the earlier litigation.

Because Ms. Gonzalez's and Mr. Gonzales's privy fully litigated each of the issues dispositive of

---

[4] The words "completely" and "competently" are "used interchangeable in many Utah cases."
*3D Const. & Dev., L.L.C. v. Old Standard Life Ins. Co.*, 2005 UT App 307, ¶ 19 n.5, 117 P.3d
1082.

the Complaint's allegations, the new causes of action meet *Jensen*'s "completely, fully, and fairly litigated" requirement, 2011 UT 17, ¶ 41 (internal citation and quotation marks omitted).

### 4. *Final Judgment on the Merits*

Lastly, for a preclusion argument to succeed, the proceedings justifying preclusion must have "resulted in a final judgment on the merits." *Jensen*, 2011 UT 17, ¶ 41 (internal citation and quotation marks omitted).

In *State v. Sommerville*, the Utah Court of Appeals considered whether dismissal of a misdemeanor charge of driving under the influence precluded a subsequent felony charge of driving under the influence for the purposes of either claim or issue preclusion. 2013 UT App 40, ¶ 32, 297 P.3d 665, 674. The court decided neither doctrine applied because the court had not rendered a final judgment on the merits, finding the analysis the same for both doctrines. *Id.* In determining when a judgment qualifies as "on the merits" the court stated:

> "On the merits" is a term of art that means that a judgment is rendered only after a court has evaluated the relevant evidence and the parties' substantive arguments. As a technical legal term, "merits" has been defined as a matter of substance, as distinguished from a matter of form. And in the context of res judicata, "merits" has been interpreted to mean real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction or form. A judgment is upon the merits when it amounts to a declaration of the law as to the respective rights and duties of the parties based on facts and evidence upon which the rights of recovery depend, irrespective of formal, technical, or dilatory objections or contentions.

2013 UT App 40, ¶ 32 (quotation marks, citations, and alterations omitted) (interpreting both issue and claim preclusion). The state court rendered judgment against Anarchy Arts, LLC after both parties submitted substantive arguments and presented evidence. The state court issued its Findings of Fact and Conclusions of Law determining both the eviction and property ownership issues only after "arguments and an evidentiary hearing" and upon receiving "closing briefs." (ECF No. 53-1 at 1.) The state court did not reach its final judgment because of "matters of

practice, procedure, jurisdiction, or form." *See Sommerville*, 2013 UT App 40, ¶ 32.  Ms. Gonzalez's and Mr. Gonzales's privy contributed substantial argument and introduced evidence before the state court issued its ruling; the ruling provided detailed findings of fact before reaching its substantive legal conclusions.  (*See* Findings of Fact & Conclusions of Law 2–11, ECF No. 53-1.)  The state court's judgment therefore constitutes a decision "on the merits."

The state court's Findings of Fact and Conclusions of Law, issued on January 19, 2010, resolved the issues of ownership and eviction.  (*Id.*)  Not until December 3, 2013, did the state court bring the entire case to a close in its Ruling and Order.  (ECF No. 99-19 at 3.)  The Utah Supreme Court, at the time the state court case became final, required a "district court that intends its ruling to represent its final, appealable order [to] explicitly state that no additional order is necessary*." Cent. Utah Water Conservancy Dist. v. King*, 2013 UT 13, ¶ 24, 297 P.3d 619, 624; *see also Giusti v. Sterling Wentworth Corp.,* 2009 UT 2, ¶ 32, 201 P.3d 966, 973 ("'[W]henever' a court intends any 'document' to constitute its final action, the court must explicitly direct that no additional order is necessary.") (*quoting Code v. Utah Dep't of Health,* 2007 UT 43, ¶ 6, 162 P.3d 1097, 1098)).

The Tenth Circuit's Order and Judgment, explaining its reversal of the res judicata dismissal, found "the [state court] orders cannot be read so broadly as to have disposed of [the state court counterclaims] on the merits or otherwise."  (ECF No. 85 at 8.)  The state court's December 2, 2013, Ruling and Order dismissing Anarchy Arts, LLC's amended counterclaims resolves that issue.  Stating "THIS IS THE FINAL ORDER OF THE COURT.  NO ADDITIONAL FILINGS ARE NECESSARY" leaves no room for uncertainty or doubt:  the state court judgment is final, and the state court resolved the controversy between the parties.  (ECF No. 99-19 at 3.)  The Utah Court of Appeals has held a summary judgment and dismissal

to be "on the merits" when the court bases its decision upon a failure to establish a necessary element of the claim. *See Massey v. Bd. of Trustees of Ogden Area Cmty. Action Comm., Inc.*, 2004 UT App 27, ¶ 15, 86 P.3d 120, 123. The state court ruled Anarchy Arts, LLC failed to establish any issues of material fact and dismissed its counterclaims. (Ruling & Order 3, ECF No. 99-19.) The state court's judgment therefore qualifies as both "final" and "on the merits."

Issue preclusion bars each of Ms. Gonzalez's and Mr. Gonzales's causes of action. Ms. Gonzalez and Mr. Gonzales are in privity with Anarchy Arts, LLC, the defendant in the earlier state court action. The issues decided in that action are identical to dispositive issues presented in the Complaint. The state court's determination that Anarchy Arts, LLC owned the property seized and retained by Artspace Affordable Housing bars Ms. Gonzalez and Mr. Gonzales from claiming otherwise in this suit. The state court's finding that Artspace Affordable Housing evicted Anarchy Arts, LLC, rather than Ms. Gonzalez and Mr. Gonzales, similarly binds this court. Ms. Gonzalez and Mr. Gonzales had their day in court to dispute Artspace Affordable Housing's claims; the parties to the state suit vigorously litigated their claims. A final judgment on the merits of the parties' dispute concluded the state court case.

Because the state court's Findings of Fact and Conclusions of Law, (ECF No. 53-1), "embody the same dispositive issue[s]," *Oman*, 2008 UT 30, ¶ 31, brought in the Complaint, Ms. Gonzalez and Mr. Gonzales may not relitigate those issues in this second action.

## IV.  CONCLUSION

For the reasons set forth above, the Court GRANTS Artspace's Motion to Dismiss with prejudice.

DATED this 29th day of January, 2015.

BY THE COURT:

_____

EVELYN J. FURSE
United States Magistrate Judge